UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ELLIE MAE, INC., <br><br>  Plaintiff, <br><br> v. <br><br> JARET P CHRISTOPHER, <br><br>  Defendant. | Case No. 3:15-cv-04957-LB <br><br> **ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL** <br><br> [Re: ECF Nos. 2, 22] |

The petitioner Ellie Mae, Inc. filed a motion to confirm an arbitration award, and in response the respondent Jaret Christopher filed an opposition and cross-motion to vacate the arbitration award. (Motion to Confirm, ECF No. 13; Cross-Motion to Vacate, ECF No. 25.)

In support of its motion to confirm, Ellie Mae filed an administrative motion asking for permission to file three documents under seal. (Ellie Mae's Sealing Motion, ECF No. 2.) These documents were a part of the record of the underlying arbitration, and Ellie Mae seeks to file them under seal because they "may contain information considered to be confidential by Jaret Christopher." (*Id.* at 2.)

In this posture, under Civil Local Rule 79-5(e) Mr. Christopher had four days to file a declaration establishing that these three documents are sealable. He did not.

Mr. Christopher did, however, file an administrative motion asking for permission to file numerous documents under seal in support of his cross-motion to vacate. (Mr. Christopher's

ORDER (No. 3:15-cv-04957-LB)

Sealing Motion, ECF No. 22.) The documents, which include the cross-motion itself, "are all excerpts of the *Christopher v. Ellie Mae, Inc.* arbitration hearing transcript or are non-public documents used in that arbitration." (*Id.* at 2.) Although Mr. Christopher believes that none of these documents are sealable, he seeks to file them under seal because Ellie Mae informed him that "it considers some or all of these documents to be confidential under the terms of the parties' Protective Order" in the arbitration. (*Id.*)

In this posture, it was incumbent on Ellie Mae to file a declaration establishing that the documents are sealable. It did so, but it addressed only some of the documents Mr. Christopher included with his sealing motion. (Corr Declaration, ECF No. 23.) For the documents it addressed, Ellie Mae states that they "contain Ellie Mae's information relating to Ellie Mae's business activities, customers, product development, plans, acquisitions, and analysis, including negotiations," and that if the information was made public, it "could cause competitive harm to Ellie Mae or provide an improper advantage to others." (*Id.* at 3.) Upon review of these documents, the court agrees that the portions Ellie Mae identified are sealable.

Because it appears that neither party believes the three documents attached to Ellie Mae's sealing motion are sealable and that Ellie Mae contends that only some of the documents attached to Mr. Christopher's sealing motion are sealable, the court directs the parties to meet and confer and file a proposed order that allows for the sealable documents to be filed under seal and the non-sealable documents to be filed in the public record. The parties must do this by December 11, 2015.

**IT IS SO ORDERED.**

Dated: December 8, 2015

_____
LAUREL BEELER
United States Magistrate Judge